David R. Flyer, Bar #100697
Raquel Flyer Dachner, Bar #282248
**FLYER & FLYER, A Professional Law Corporation**
4120 Birch St., Ste. 101
Newport Beach, CA 92660
(949) 622-8445
(949) 622-8448 (fax)
davidflyer@flyerandflyer.com
raquelflyer@flyerandflyer.com

Attorneys for Plaintiff
J&J ACQUISITION PARTNERS, INC., dba
QUICK HOME OFFERS

IN THE UNITED STATES DISTRICT COURT FOR

THE CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| J&J ACQUISITION PARTNERS, INC., a California corporation, dba QUICK HOME OFFERS,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>QWIK HOME OFFER, LLC, a California limited liability company; SAM ZIPP; WESLEY JARED McANALLY; DEBORAH MICHELLE SEE; and DOES 1 TO 10,<br><br>　　　　Defendants. | Case No. 8:24-cv-1018<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF BASED ON:**<br><br>**(1) LANHAM ACT VIOLATION; AND**<br>**(2) COMMON LAW UNFAIR COMPETITION**<br><br>**PLAINTIFF DEMANDS TRIAL BY JURY** |

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS:

## EXECUTIVE SUMMARY

Plaintiff J&J Acquisition Partners, Inc., dba Quick Home Offers, owns the registered trademark "QUICK HOME OFFERS," on the primary registry No. 7221693, previously registered on the supplemental registry as No. 4848307. Registration was granted on the primary registry on November 21, 2023, after the mark had become distinctive of the goods/services through Plaintiff's substantially exclusive and continuous use of the mark in commerce, which the U.S. Congress may

lawfully regulate for at least five years immediately before filing the application for the primary register on June 24, 2022. The registered mark is for the goods/services of real estate acquisition services and Plaintiff's have been using the mark in commerce at least as early as November 1, 2013.

Defendants use a confusingly similar name "Qwik Home Offer," pronounced the same, to provide substantially similar real estate services. Both Plaintiff and Defendants also use the same operating procedure: Customers can access their websites, enter a physical address, and get a "cash offer" almost instantly.

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. §§1331 and 1338(a) as a case arising under the Lanham Act, 15 U.S.C. §§1051 *et seq*., and supplemental jurisdiction over the common law claim for unfair competition under 28 U.S.C. §§1338(b) and 1367(a) because that claim is joined with a substantially related federal claim.

2. This Court has personal jurisdiction over Defendants because Qwik Home Offer, LLC is a California limited liability company, and the individual Defendants are the managers of the LLC and reside in California. Defendants reside and conduct business within the U.S. Central District of California, Southern Division. All of the Defendants perform substantial business within this Judicial District.

3. Venue properly lies within the U.S. Central District of California pursuant to 28 U.S.C. §§1391(b), (c), and (d) because Defendants are subject to personal jurisdiction in this Judicial District as set forth above, a substantial part of the events or omissions giving rise to the claims occurred in this district, and Plaintiff has been harmed by Defendants' conduct, as described below, in this Judicial District.

**PARTIES**

4. Plaintiff is and at all times was a California corporation.

5. Defendant Qwik Home Offer, LLC, is a California limited liability

company, with principal place of business located at 23 Muirfield, Trabuco Canyon, Orange County, CA 92679.

6. Defendant Wesley Jared McAnally is a manager of Qwik Home Offer, LLC, he is a licensed real estate agent RE #02005670 with a listed address of 202 Calle Belleza, Lake Forest, Orange County, CA 92630.

7. Defendant Deborah Michelle See is a manager of Qwik Home Offer, LLC, she is a licensed real estate agent RE #02003187 with a listed address of 770 Sycamore Avenue #122 439, Vista, San Diego County, CA 92083.

8. Defendant Sam Zipp is a manager of Qwik Home Offer, LLC, located at 23 Muirfield, Trabuco Canyon, Orange County, CA 92679.

9. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued as DOES 1 through 10, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names; Plaintiff will amend this complaint to show such true names and capacities when it has ascertained the same.

10. At all times herein mentioned, each of the Defendants was the agent, principal, alter ego, servant and/or employee of each of the remaining Defendants, and was at all times herein mentioned acting within the course and scope of such agency and employment, and/or ratified the actions or omissions of each of the other Defendants. Plaintiff is further informed and believes, and thereon alleges, that each of the said Defendants is in some way responsible for the obligations hereinafter alleged.

11. The corporate identity of Defendant Qwik Home Offer, LLC, should not be considered separate from the individual defendants.  The two requirements for piercing the corporate veil are present: (1) there is such unity of interest and ownership that the separate personalities of the corporation and the individuals no longer exist, and (2) if the acts are treated as those of the corporation alone, an inequitable result will follow. The acts of the individual defendants were committed

in bad faith, the corporate defendant is underfunded for purposes of honoring the obligations owed to Plaintiff based on trademark infringement and common law unfair competition, and the identification, domination, and control exercised by the individual defendants over the affairs of the corporate defendant demonstrate knowing misconduct. Plaintiffs are informed and believe and upon that basis allege that the Defendants and Does 1 through 10 are co-conspirators and/or aided and abetted the other Defendants in all wrongful actions herein alleged. Each Defendant was aware of their co-conspirators' wrongful plans, agreed thereto, cooperated in performing said bad acts, and/or ratified the bad acts.

## FACTUAL BACKGROUND

12. Plaintiff J&J Acquisition Partners, Inc., dba Quick Home Offers, owns the registered trademark "QUICK HOME OFFERS," on the primary registry No. 7221693, previously registered on the supplemental registry as No. 4848307. Registration was granted on the primary registry on November 21, 2023. The registered mark is for the goods/services of real estate acquisition services and Plaintiff's have been using the mark in commerce since November 1, 2013.

13. Defendants infringe Plaintiff's registered mark on their websites https://www.qwikhomebuyer.com/ and https://qwikhomebuyers.co/#section-ICp0kS_ozw and Defendants filed their infringing name with the California Secretary of State on February 21, 2023.

14. In early 2023, Plaintiff became aware that Defendants were using a confusingly similar name: "Qwik Home Offer," to provide the same real estate services. On March 9, 2023, Plaintiff wrote to Defendants alerting them of their infringement of "Quick Home Offers®" U.S. Registration No. 4848307, and pending application serial no. 97474587. The letter requested that Defendants cease and desist use of their infringing name.

15. On April 6, 2023, Defendants wrote back to Plaintiff that they would alter their name to "Qwik Home Buyer."

16. Plaintiff wrote to Defendants on April 13, 2023, to inform Defendants that "Qwik Home Buyer" was still confusingly similar to Plaintiff's mark especially since all parties work in the same business and in the same geographic region.

17. Defendants declined to stop using their infringing name and they have continued to infringe to the current date.

## FIRST CAUSE OF ACTION

## LANHAM ACT VIOLATION, TRADEMARK INFRINGEMENT 15 U.S.C. §1114 AND §1125(a)

### Against All Defendants

18. Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 17 as though fully set forth herein.

19. Plaintiff's registered trademark is "QUICK HOME OFFERS®" for real estate services. The mark has acquired distinctiveness through Plaintiff's substantially exclusive and continuous use of the mark in commerce that the U.S. Congress may lawfully regulate for at least five years immediately before filing the application for the primary register on June 24, 2022.

20. Defendants used and continue to use the names "Qwik Home Offer" and "Qwik Home Buyer," a name similar to Plaintiff's registered mark "QUICK HOME OFFERS®" without the consent of Plaintiff in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the goods/services.

21. Defendants use the confusingly similar name to trade on the goodwill of Plaintiff and have earned substantial sales and profits to be determined through discovery and trial. In addition, Plaintiff has likely lost substantial sales due to the confusion caused by Defendants. Plaintiff is entitled to damages against Defendants based on 15 U.S.C. §1114 and §1125(a).

22. Defendants committed the above alleged acts with the intent to confuse the consuming public, and to trade on the goodwill built by Plaintiff. Defendants

1  have unreasonably increased and vexatiously caused litigation, rendering this an
2  exceptional case which justifies imposition of attorney's fees and costs on
3  Defendants. Plaintiff is also entitled to treble damages against Defendants under 15
4  U.S.C. §1117(a).
5      23.    Additionally, because monetary damages are inadequate, Plaintiff is
6  entitled to preliminary and permanent injunction under 15 U.S.C. §1116, based on
7  Defendants' continuing acts of infringement.

## SECOND CAUSE OF ACTION
## COMMON LAW UNFAIR COMPETITION
**Against All Defendants**

11     24.    Plaintiff incorporates herein by reference the allegations of paragraphs 1
12 through 23 as though fully set forth herein.
13     25.    Plaintiff is the sole and exclusive owner of the registered mark "QUICK
14 HOME OFFERS®."
15     26.    The parties are business competitors in the same geographic area.
16     27.    Given the similarity between the parties' names, it is likely that
17 consumers have confused their services, or assumed an affiliation between the
18 services.
19     28.    Defendants, as a result of their willful misconduct, have gained undue
20 revenues and profits. By the same token, Plaintiff has lost profits and suffered injury
21 to its goodwill.
22     29.    Plaintiff is entitled to not only restitution, but also preliminary and
23 permanent injunctions restraining Defendants from engaging in further acts of unfair
24 competition against Plaintiff.
25     Wherefore, Plaintiff prays:
26     1.    For economic damages of at least $3,000,000.00;
27     2.    For general, special and non-economic damages;
28     3.    For treble damages;

4. For preliminary injunction and permanent injunction;
5. For attorney's fees;
6. For prejudgment interest;
7. For costs; and
8. For such further relief as may be proper.

        Respectfully submitted,

        FLYER & FLYER, A PROFESSIONAL LAW CORPORATION

Dated: May 9, 2024     By: _____

David R. Flyer
Raquel Flyer Dachner
Attorneys for
Plaintiff J&J ACQUISITION PARTNERS, INC., dba
QUICK HOME OFFERS

**PLAINTIFF DEMANDS TRIAL BY JURY**