---

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. 8:24-cv-01018-FWS-KES                                    Date: March 21, 2025

Title: J and J Acquisition Partners Inc. v. Qwik Home Offer, LLC, *et al.*

---

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Priscilla Deason for | |
| Rolls Royce Paschal | N/A |
| Deputy Clerk | Court Reporter |

| Attorneys Present for Appellant: | Attorneys Present for Appellee: |
| Not Present | Not Present |

**PROCEEDINGS: ORDER GRANTING UNOPPOSED MOTION FOR ENTRY OF PERMANENT INJUNCTION AGAINST DEFENDANTS QWIK HOME OFFER, LLC, SAM ZIPP, WES MCANALLY BY STIPULATION [53]**

    In this case, Plaintiff J&J Acquisition Partners, Inc., doing business as Quick Home Offers ("Plaintiff") asserts that Defendants Quik Home Offer, LLC ("Quik Home Offer"), Sam Zipp ("Zipp"), Wesley Jared McAnally ("McAnally"), and Deborah Michelle See ("See") infringe Plaintiff's registered trademark "QUICK HOME OFFERS" by "using a confusingly similar name: 'Qwik Home Offer,' to provide the same real estate services," in addition to other similar names and terms. (Dkt. 23 (First Amended Complaint) ¶¶ 12-17; Dkt. 53 ("Motion" or "Mot.") at 2.) On September 9, 2024, the court issued an Order Granting Permanent Injunction against See based on a stipulation between Plaintiff and See, and dismissed Plaintiff's claims against See without prejudice. (Dkt. 32 ("See PI").)

    Now, "Plaintiff has settled with all remaining Defendants," i.e. Quik Home Offer, Zipp, and McAnally (collectively, the "Remaining Defendants"). (Mot. at 7; *see* Dkt. 53-1 (Joint Stipulation for Order to Enter Injunction Against Quik Home Offer, LLC, Sam Zipp, and Wesley Jared McAnally) at 2 (stating that Plaintiff and Remaining Defendnats "have now agreed to settlement terms").) Specifically, the Remaining Defendants "have entered a written settlement agreement whereby they made certain promises including agreeing to pay money over time, and they stipulated to entry of the permanent injunction." (Dkt. 53-2 (Declaration of David R. Flyer) ¶ 2.)

---

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. 8:24-cv-01018-FWS-KES            Date: March 21, 2025

Title: J and J Acquisition Partners Inc. v. Qwik Home Offer, LLC, *et al.*

"The action against [the Remaining Defendants] will be dismissed without prejudice, and on performance of the financial terms it will be dismissed with prejudice." (*Id.* ¶ 3; *see* Mot. at 2.)

In accordance with the settlement between Plaintiff and the Remaining Defendants, before the court is Plaintiff's Motion for Entry of Permanent Injunction by Stipulation against the Remaining Defendants. (Mot.) In the Motion, Plaintiff seeks to have a substantially similar permanent injunction as the court previously entered as to See entered against the Remaining Defendants. (*Compare* See PI *with* Dkt. 53-5 (Proposed Order on Mot.).)

The court observes that the Remaining Defendants stipulated to the relief Plaintiff seeks in the Motion. (Stip.) In addition, the Remaining Defendants did not file any opposition to the Motion[1], and except as to summary judgment motions, this District's Local Rules state that "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." C.D. Cal. L.R. 7-12. Based on the record, as applied to the applicable law, the Motion is **GRANTED**. The court will issue a permanent injunction against the Remaining Defendants consistent with this Order.

Finally, the court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Accordingly, the hearing set for April 10, 2025, is **VACATED** and off calendar.

---

[1] Because the Motion was noticed for hearing on April 10, 2025, the Remaining Defendants' opposition, if any, was due "not later than twenty-one (21) days before the date designated for the hearing of the motion," or March 20, 2025. *See* C.D. Cal. L.R. 7-9.